**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2603

UNITED STATES OF AMERICA,

Appellee,

v.

SANTOS ABAD-REYES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Evelyn Quinoñes-Carrasquillo on brief for appellant.
Nelson Pérez-Sosa, Assistant United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, and H.S. Garcia, United States Attorney, on brief for appellee.

June 28, 2006

**Per Curiam**.  Santos Abad-Reyes ("Abad") pled guilty to reentering the United States illegally after being deported, in violation 8 U.S.C. § 1326(a) (2002), and was sentenced--after United States v. Booker, 543 U.S. 220 (2005)--to 24 months' imprisonment, the statutory maximum for that offense.  8 U.S.C. § 1326(a).  He now appeals from that sentence, arguing that it is unreasonably high in light of the factors enumerated in 18 U.S.C. § 3553(a) and in light of the plea agreement, in which the parties stipulated to guideline calculations that resulted in a sentencing range of only one to seven months' imprisonment.  For the reasons discussed below, we affirm.

Even after Booker, "a sentencing court is still required to 'consult [the] Guidelines and take them into account when sentencing.'" United States v. Robinson, 433 F.3d 31, 35 (1st Cir. 2005) (quoting Booker, 543 U.S. at 264).  "In most cases, this will mean that the district court will have to calculate the applicable guidelines range including the resolution of any factual or legal disputes necessary to that calculation . . . before deciding whether to exercise its new-found discretion to impose a non-guidelines sentence." United States v. Jiménez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006) (en banc).

In this case, the district court did not independently calculate the guidelines range but, instead, relied on the parties' stipulation in their plea agreement, which excluded a 16-level

enhancement that may have been applicable because Abad was deported after being convicted of domestic violence. See U.S.S.G. § 2L1.2(b)(1)(A)(ii) (requiring such an enhancement if the defendant was deported after a conviction for "a felony that is . . . a crime of violence"). Such reliance is permissible, absent exceptions not relevant here. United States v. Rodríguez-Gonzáles, 433 F.3d 165, 169 (1st Cir. 2005) (citing United States v. Teeter, 257 F.3d 14, 28 (1st Cir. 2001)).

In deciding to impose a sentence above the parties' stipulated guidelines range, the court adequately explained its reasons as required by Jiménez-Beltre, 440 F.3d at 519. In particular, the court took into account the seriousness of the offense of illegal reentry, 18 U.S.C. § 3553(a)(2)(A); the need to deter future crimes and promote respect for the law, 18 U.S.C. § 3553(a)(2)(A) & (B) (the instant offense was Abad's second illegal reentry); and the defendant's criminal history and the need to protect the public, 18 U.S.C. § 3553(a)(1) & (2)(C) (Abad's prior domestic violence conviction involved his repeatedly hitting his common-law wife in the face, grabbing her by the neck, and threatening to kill her, all in front of their young children).[1] Because the district court did not rely on any impermissible

---

[1]Abad waived his claim of entitlement to a more developed presentence investigation of the factual basis for the aggravating factors relied upon by the district court by affirmatively requesting an abbreviated presentence report in order to expedite his sentencing.

factors in determining the appropriate sentence, <u>United States</u> v. <u>Scherrer</u>, 444 F.3d 91, 95 (1st Cir. 2006) (en banc), gave plausible reasons, and reached a defensible result, <u>Jiménez-Beltre</u>, 440 F.3d at 519, we defer to its on-the-scene judgment, <u>id.</u>

For much the same reasons, we reject Abad's remaining argument--that the district court unreasonably declined to follow the prosecutor's recommendation, pursuant to the plea agreement, to sentence him to three months' imprisonment, the middle of the parties' stipulated guidelines range. Except where the parties enter into a binding plea agreement under Rule 11(c)(1)(C), which did not happen here, the sentencing court is not bound by the parties' agreement as to an appropriate sentence. <u>Teeter</u>, 257 F.3d at 28. Indeed, Abad acknowledged the non-binding nature of the agreement, both in the agreement itself and at his change of plea hearing. For the same reasons that we find the sentence imposed to be reasonable, we reject Abad's argument that the district court abused its discretion in declining to follow the prosecutor's agreed-upon sentencing recommendation.

Accordingly, the sentence is summarily <u>affirmed</u>. <u>See</u> 1st Cir. R. 27(c).